IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIZANT TECHNOLOGIES, LLC | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 14-6977 |
| OCEAN STATE JOBBERS, INC. | : |

MEMORANDUM

**KEARNEY, J.**                                                                February 5, 2015

This case again offers guidance on the requisites for proper removal to this Court based on diversity jurisdiction. As Defendant did not sufficiently demonstrate either complete diversity or the requisite amount in controversy, this Court grants Plaintiff's Motion to Remand (ECF Doc. No. 9) and remands the action to the Court of Common Pleas.

I.     BACKGROUND

Plaintiff Vizant Technologies, LLC ("Vizant") filed suit in the Court of Common Pleas of Delaware County seeking damages "in excess of $50,000" arising from a claimed breach of a contract with Defendant Ocean State Jobbers, Inc. ("Ocean State"). As sworn in its complaint, Vizant is a limited liability corporation based in Chadds Ford, Pennsylvania providing consulting services. (Compl. ¶ 1, 5.) Vizant did not allege the citizenship of its member or members. Ocean State is a Rhode Island corporation with its principal place of business in North Kingstown, Rhode Island. (*Id.* ¶ 2.)

In January 2014, Vizant and Ocean State entered into a professional services agreement. (*Id.* ¶ 8 and Ex. A.) Among its contractual duties, Vizant was to provide Ocean State with a Financial Payment Analysis and Recommendations Report (the "Report"). (*Id.* ¶ 10.) If Ocean

Financial Payment Analysis and Recommendations Report (the "Report"). (*Id.* ¶ 10.) If Ocean State chose to implement the Report's recommendations, it agreed to pay Vizant a fee equal to forty-five percent (45%) of the first $100,000 of any reduction in costs and thirty-five percent (35%) of any further reductions above $100,000. (*Id.* ¶ 14.) Vizant also claims a fee for incentive payments received by Ocean State as a result of implementing the Report's recommendations. (*Id.* ¶ 16.) Ocean State received a onetime incentive payment of $100,000 after implementing the Report's recommendations. (*Id.* ¶ 23.) Vizant invoiced Ocean State for $45,000, representing the percentage fee. (*Id.* ¶ 25.) Ocean State declined to pay. (*Id.* Ex. C. and ¶ 25.)

Vizant filed a breach of contract suit in the Delaware County Court of Common Pleas seeking damages "in excess of $50,000." (*Id.* ¶¶ 34-51.) On December 8, 2014, Ocean State filed a Notice of Removal alleging that this Court has subject matter jurisdiction based on 28 U.S.C. §1332 because the parties were diverse and "upon information and belief" the amount in controversy exceeded $75,000.[1] (Notice of Removal ¶¶ 11, 16, ECF Doc. No. 1.)

## II. STANDARD OF REVIEW

The party asserting federal jurisdiction through removal "bears the burden of showing, at all stages of litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) and *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006)). In

---

[1] "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs. *Id.* § 1332(a).

determining the amount in controversy, the court must look to the complaint. *Samuel-Bassett*, 357 F.3d at 398. If the district court to which the action is removed lacks subject matter jurisdiction, then the case shall be remanded to state court. 28 U.S.C. § 1447(c).

If, as here, the state court complaint does not specify an amount in controversy in excess of $75,000, removal will still be proper if the State practice does not permit demand for a specific sum and "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Id.* § 1446(c)(2); *see Dart v. Cherokee Basin Operating Co.*, 574 U.S. ——, 135 S.Ct. 547, 553-54 (2014) (noting that when defendant's assertion of the amount in controversy is challenged "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."); *Hatchigian v. State Farm Ins. Co.*, No. 13-2880, 2013 WL 3479436, at *2 (E.D. Pa. July 11, 2013) (finding that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 clarifies that the preponderance of the evidence standard is used to determine amount in controversy in removal cases). In light of Congress' intent to limit federal jurisdiction based on diversity, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

### III. DISCUSSION

#### *Complete diversity has not been shown.*

Vizant is a limited liability company. "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Vizant did not allege the citizenship of its members in its state court complaint. Because

3

neither Ocean State's Notice of Removal nor its Opposition aver the citizenship of Vizant's member or members, this Court cannot determine whether complete diversity exists. On this basis alone, this Court lacks subject matter jurisdiction over this case.

### *No plausible allegation of damages in excess of $75,000.*

Even if Ocean State properly averred the citizenship of Vizant's members and complete diversity existed, the Court is still required to remand as the amount in controversy does not exceed the statutory threshold. Vizant avers in its complaint that it seeks damages "in excess of $50,000." Rule 1021(b) of the Pennsylvania Rules of Civil Procedure does not allow parties seeking unliquidated damages to "claim any specific sum." Pa.R.Civ.P. 1021(b). Accordingly, Vizant's demand is the exception provided in §1446(c)(2)(A)(ii) and Ocean State must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Stevenson v. Wal-Mart Stores, Inc.*, Civ. A. No. 14-4073, 2015 WL 158811, *3 (E.D. Pa. Jan. 12, 2015) (requiring defendant to show by a preponderance of the evidence that plaintiff's claim for an unliquidated amount "in excess of $50,000" exceeded the jurisdictional threshold).

In its Notice of Removal and Opposition, Ocean State asserts that the amount in controversy exceeds $75,000 because "Plaintiff's demand *in excess of $50,000*, is not limited and, therefore, may exceed the $75,000 amount in controversy requirement." (Def.'s Mem., at 1.) (emphasis in original). Ocean State has not plausibly averred the actual amount in controversy, but instead states, "upon information and belief, the matter is believed to exceed $75,000." *Cf. Dart,* 574 U.S. at ——, 135 S.Ct. at 554 (finding evidentiary submissions are not necessary at notice of removal stage, but defendant must make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

Further, Ocean State has elected not to submit evidence that the amount in controversy exceeds $75,000 despite Vizant's disagreement that the amount in controversy exceeds $75,000. *See Dart*, 574 U.S. at ——, 135 S.Ct. at 554 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). Instead, Ocean State presumably assumes that since Vizant pleads "in excess of $50,000", Vizant "may" recover in excess of $75,000 essentially leaving the Court to speculate as to why the amount in controversy exceeds the jurisdictional limit. (Def.'s Resp. at 4.) Moreover, Vizant attached an exhibit to its complaint referencing a loss of $45,000, which Ocean State did not challenge. (Compl. Ex. C.)

If this Court has to "guess at whether the jurisdictional threshold has been met, then the defendant has not proved its point." *Stevenson,* 2015 WL 158811, at *3 (finding defendant's "subjective belief" that amount in controversy exceeded jurisdictional threshold insufficient to show subject matter jurisdiction) (internal quotation omitted) (citation omitted).

## IV.     CONCLUSION

Ocean State failed to carry its burden of establishing federal jurisdiction. Ocean State did not aver the citizenship of Vizant's member or members, thus leaving this Court with no way to determine if complete diversity exists. Further, Ocean State failed to show by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional threshold, particularly after Vizant challenged Ocean State's assumption of $75,000 in damages. Accordingly, the Court grants Plaintiff's Motion remanding this case to the Court of Common Pleas.